Robert S. Westermann (VSB No. 43294)
Sheila deLa Cruz (VSB No. 65395)
Hirschler Fleischer, P.C.
The Edgeworth Building
2100 East Cary Street
Richmond, Virginia 23223
P.O. Box 500
Richmond, Virginia 23218-0500
Phone: (804) 771-9500
Facsimile: (804) 644-0957
Email: rwestermann@hf-law.com
         sdelacruz@hf-law.com

*Proposed Counsel for Debtors-in-Possession*

## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re: | |
| | |
| MMR HOLDINGS, INC., | Case No. <u>10-32658-DOT</u> |
| | Chapter 11 |
| Debtor, | |

| | |
|---|---|
| In re: | |
| | |
| OPENSIDED MRI OF ATLANTA, LLC, | Case No. <u>10-32661-DOT</u> |
| | Chapter 11 |
| Debtor, | |

| | |
|---|---|
| In re: | |
| | |
| OPENSIDED MRI OF CLEVELAND, LLC, | Case No. <u>10-32668-DOT</u> |
| | Chapter 11 |
| Debtor, | |

| | |
|---|---|
| In re: | |
| | |
| OPENSIDED MRI OF CINCINNATI, LLC, | Case No. <u>10-32663-DOT</u> |
| | Chapter 11 |
| Debtor, | |

| | |
|---|---|
| In re: | |
| | |
| OPENSIDED MRI OF DENVER, LLC, | Case No. <u>10-32669-DOT</u> |
| | Chapter 11 |
| Debtor, | |

In re:                                    )
                                          )
OPENSIDED MRI OF INDIANAPOLIS, LLC,       )    Case No. <u>10-32664-DOT</u>
                                          )    Chapter 11
            Debtor,                       )
                                          )
_____ )
In re:                                    )
                                          )
OPENSIDED MRI OF KANSAS, LLC,             )    Case No. <u>10-32670-DOT</u>
                                          )    Chapter 11
            Debtor,                       )
                                          )
_____ )
In re:                                    )
                                          )
OPENSIDED MRI OF LAS VEGAS, LLC,          )    Case No. <u>10-32672-DOT</u>
                                          )    Chapter 11
            Debtor,                       )
                                          )
_____ )
In re:                                    )
                                          )
OPENSIDED MRI OF LOUISVILLE, LLC,         )    Case No. <u>10-32673-DOT</u>
                                          )    Chapter 11
            Debtor,                       )
                                          )
_____ )
In re:                                    )
                                          )
OPENSIDED MRI OF NEW ORLEANS, LLC,        )    Case No. <u>10-32665-DOT</u>
                                          )    Chapter 11
            Debtor,                       )
                                          )
_____ )
In re:                                    )
                                          )
OPENSIDED MRI OF OKLAHOMA CITY, LLC,  )        Case No. <u>10-32674-DOT</u>
                          )     Chapter 11
            Debtor,                       )
                                          )
_____ )
In re:                                    )
                                          )
OPENSIDED MRI OF ORANGE COUNTY, LLC,  )        Case No. <u>10-32666-DOT</u>
                                          )    Chapter 11
            Debtor,                       )
                                          )
_____ )

| In re: | ) |
|--------|---|
| | ) |
| OPENSIDED MRI OF SAN ANTONIO, LLC, | ) |
| | ) |
| Debtor, | ) |
| | ) |

Case No. <u>10-32676-DOT</u>
Chapter 11

| In re: | ) |
|--------|---|
| | ) |
| OPENSIDED MANAGEMENT, LLC, | ) |
| | ) |
| Debtor. | ) |
| | ) |

Case No. <u>10-32667-DOT</u>
Chapter 11

### MOTION OF THE DEBTORS FOR AN ORDER DIRECTING JOINT ADMINISTRATION OF THEIR RELATED CHAPTER 11 CASES

The above-captioned Debtors-in-Possession (collectively, the "Debtors"), by proposed

counsel, hereby move this Court pursuant to this Motion (the "Motion") for entry of an order,

substantially in the form of **Exhibit A**, directing joint administration of their related Chapter 11

cases. In support of their Motion, the Debtors rely upon and incorporate by reference the

Declaration of Neil R. Burgess in Support of Chapter 11 Petitions and First Day Pleadings (the

"Burgess Declaration"), filed concurrently with the Court in these bankruptcy proceedings. In

further support of this Motion, the Debtors respectfully state as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This is a core

proceeding under 28 U.S.C. § 157(b).

2.      Venue in this district with respect to the bankruptcy proceedings and the Motion

is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief requested herein are pursuant to Sections

105(a), 11 U.S.C. §§ 101-1532 of the Bankruptcy Code (the "Bankruptcy Code"), Rule 1015(b)

of the Federal Rules of Bankruptcy Procedure (the Bankruptcy Rules"), and Rule 1015-1 of the

Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Bankruptcy Rules").

## FACTUAL BACKGROUND

4. On April 14, 2010 (the "Petition Date"), each of the Debtors filed voluntary petitions with this Court for relief under Chapter 11 of the Bankruptcy Code. The factual background regarding the Debtors, including their business operations, capital and debt structure, and the events leading to the filing of these bankruptcy proceedings, is set forth in the Burgess Declaration.

5. The Debtors continue to manage and operate their businesses as debtors-in-possession under Sections 1107 and 1108 of the Bankruptcy Code.

6. No trustee or examiner has yet been appointed in these cases, and no committees have yet been appointed or designated.

7. MMR Holdings, Inc. ("MMR Holdings") is a privately-held Virginia corporation. MMR Holdings manages the operations and affairs of the thirteen (13) other Debtors (all of which are Virginia limited liability companies), and holds between 70% and 100% of the ownership interests in those Debtors. Twelve (12) of the remaining Debtors (the "Site Debtors") operate independent diagnostic imaging facilities throughout the country. The remaining Debtor, *i.e.*, OpenSided Management, LLC ("OML"), provides marketing and customer service assistance to all of the Debtors.

## RELIEF REQUESTED

8. By this Motion, the Debtors seek entry of an order by this Court directing joint administration of these Chapter 11 cases for procedural purposes only. Specifically, the Debtors

request that the Court maintain one file and one docket for all jointly-administered cases under the case of MMR Holdings, Inc. and that the cases be administered under a consolidated caption, as follows:

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| MMR HOLDINGS, INC., et al.,[1] | ) | Case No. 10-32658-DOT |
| | ) | Jointly Administered |
| Debtors. | ) | Chapter 11 |

9.    The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors other than MMR Holdings, Inc. to reflect the joint administration of these Chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of the Chapter 11 cases of MMR Holdings, Inc., OpenSided MRI of Atlanta, LLC, OpenSided MRI of Cleveland, LLC, OpenSided MRI of Cincinnati, LLC, OpenSided MRI of Denver, LLC, OpenSided MRI of Indianapolis, LLC, OpenSided MRI of Kansas, LLC, OpenSided MRI of Las Vegas, LLC, OpenSided MRI of Louisville, LLC, OpenSided MRI of New Orleans, LLC, OpenSided MRI of Oklahoma City, LLC, OpenSided MRI of Orange County, LLC, OpenSided MRI of San Antonio, LLC, and OpenSided Management, LLC, and all other further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 10-32658-DOT. Pursuant to Rule 1015-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District

---

[1] The fourteen (14) Debtors in the cases are MMR Holdings, Inc., and its subsidiaries, *i.e.*, OpenSided MRI of Atlanta, LLC, OpenSided MRI of Cleveland, LLC, OpenSided MRI of Cincinnati, LLC, OpenSided MRI of Denver, LLC, OpenSided MRI of Indianapolis, LLC, OpenSided MRI of Kansas, LLC, OpenSided MRI of Las Vegas, LLC, OpenSided MRI of Louisville, LLC, OpenSided MRI of Oklahoma City, LLC, OpenSided MRI of Orange County, LLC, OpenSided MRI of San Antonio, LLC, OpenSided MRI of New Orleans, LLC, and OpenSided Management, LLC.

of Virginia, interested parties may file an objection to joint administration within ten (10) days after the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code.

## BASIS FOR RELIEF

10. Bankruptcy Rule 1015(b) provides, in pertinent part, that "(i)f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtors are "affiliates" as that term is defined under section 101(2) of the Bankruptcy Code. Accordingly, this Court is authorized to grant the relief requested herein.

11. Section 105(a) of the Bankruptcy Code also provides this Court with the power to grant the relief requested herein by the Debtors. Section 105(a) states that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."

12. In addition, Local Bankruptcy Rule 1015-1 provides as follows:

> In all joint petitions filed with the Court, the case will be administered through joint administration of the estates unless the trustee or other interested party files an objection to joint administration within ten days after the meeting of creditors and gives notice of a hearing date on such objection.

See Local Bankruptcy Rule 1015-1. The Debtors propose that the order granting the relief requested in this Motion and the docket entry to be added on the docket of each of the Debtors other than MMR Holdings, Inc., each specifically referencing the right of a party in interest to object to joint administration pursuant to Local Bankruptcy Rule 1015-1.

13. The entry of joint administration orders in multiple related cases is common and generally non-controversial in this district and in other districts. See, e.g., Roper Brothers

6

Lumber Company, Incorporated, Case No. 09-38215 (Bankr. E.D. Va. Dec. 12, 2009); In re S & K Famous Brands, Inc., Case No. 09-30805 (KRH) (Bankr. E.D. Va. Feb. 9, 2009); In re US Airways, Inc., Case No. 04-13819 (SSM) (Bankr. E.D. Va. Sept. 13, 2004); In re NTELOS, Inc., Case No. 03-32094 (DOT) (Bankr. E.D. Va. Mar. 4. 2003); In re Motient Corp., Case No. 02-80125 (RGM) (Bankr. E.D. Va. Aug. 12, 2002); see also In re Dura Auto Sys., Inc., Case No. 06-11202 (Bankr. D. Del. Oct. 31, 2006); In re Calpine Corp., Case No. 05-60200 (Bankr. S.D.N.Y. Dec. 21, 2005).

14.     Joint administration in these Chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders that will arise in these Chapter 11 cases will jointly affect each and every Debtor. Entry of an order directing joint administration of these cases will permit the Debtors to reduce fees and costs in connection with the administration of these cases by avoiding the duplication of effort associated with filing multiple duplicative documents in the Debtors' various individual case files for each of the Debtors that will largely duplicate one another. In addition, the ability of the parties in interest to monitor these cases will be facilitated by having all pleadings grouped together on one docket. Joint administration will also relieve the Court of the burden of entering duplicative orders and maintaining duplicative files. Finally, supervision of the administrative aspects of the Chapter 11 cases by the Office of the United States Trustee for the Eastern District of Virginia will be simplified.

15.     The joint administration of these Chapter 11 cases will not adversely affect the Debtors' respective creditors because this Motion requests only administrative, and not substantive, consolidation of the estates. For example, any creditor may still file a claim against a particular Debtor or its estate (or against multiple Debtors and their respective estates), inter-

company claims among the Debtors will be preserved, and the Debtors will maintain separate records of assets and liabilities. Thus, an individual creditor's rights will not be harmed by the relief requested. Rather, the constituents will benefit from the cost reductions associated from the joint administration of these cases.

16.     Based on the foregoing, the Debtors submit that the joint administration of these Chapter 11 cases is in the best interests of the Debtors, their creditors, equity security holders, and all other parties in interest.

17.     For all of the foregoing reasons, the Debtors respectfully request the immediate entry of an order providing for the joint administration of the Debtors' Chapter 11 cases.

## Waiver of Memorandum of Points and Authorities

18.     The Debtors respectfully request that the Court treat this Motion as a written memorandum of points and authorities or waive any requirement that this Motion be accompanied by a written memorandum of points and authorities as described in Local Bankruptcy Rule 9013-1(G).

## NOTICE

19.     Notice of this Motion will be given to: (i) the Office of the United States Trustee for the Eastern District of Virginia; (iii) the Debtors' top twenty (20) largest unsecured creditors; (iv) the Debtors' secured creditors; and (v) known counsel for the Debtors' secured and/or unsecured creditors. The Debtors submit that, under the circumstances, no other or further notice of the Motion is required.

WHEREFORE, for the reasons set forth herein and in the Burgess Declaration, the Debtors respectfully request that the Court enter an order, substantially in the form attached

hereto as **Exhibit A**, (a) authorizing the joint administration of these Chapter 11 cases, and (b) granting such other and further relief as is just and proper.

Dated: April 14, 2010          MMR HOLDINGS, INC., et al.

                                        By:    /s/      Robert S. Westermann
                                                        Proposed Counsel

Robert S. Westermann (VSB No. 43294)
Sheila deLa Cruz (VSB No. 65395)
Hirschler Fleischer, P.C.
The Edgeworth Building
2100 East Cary Street
Richmond, Virginia 23223
P.O. Box 500
Richmond, Virginia 23218-0500
Phone: (804) 771-9500
Facsimile: (804) 644-0957
Email: rwestermann@hf-law.com
       sdelacruz@hf-law.com
       nstory@hf-law.com

*Proposed Counsel for the Debtors*

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2010, a true and correct copy of the foregoing Motion was served using the Court's ECF system, and via overnight delivery (next business day), facsimile, electronic mail, and/or first class mail, postage prepaid, to the Office of the United States Trustee, the Debtors' 20 largest unsecured creditors, the Debtors' secured creditors, and any known legal counsel for the Debtors' unsecured and/or secured creditors (all as listed on Schedule A attached hereto):

                                        /s/      Robert S. Westermann
                                                 Proposed Counsel